**HAGANS et al. v. UNITED STATES.**

No. 12396.

United States Court of Appeals

Fifth Circuit.

Oct. 19, 1948.

Raymond W. Martin, of LaGrange, Ga., for appellant.

T. Reese Watkins, Asst. U. S. Atty. and James H. Fort, Asst. U.S. Atty., both of Macon, Ga., for appellee.

Before SIBLEY, WALLER and LEE, Circuit Judges.

PER CURIAM.

Appellants, who lived in the same house and are related as stepfather an stepson, were convicted along with three others of possessing an unregistered still, carrying on the business of a distiller without giving bond, and with intent to defraud of the tax, and possession of tax unpaid whiskey. The distillery was remote in deep woods, was running about one o'clock on a very cold night when raided, and much whisky was on hand. Corley was there ran, and was caught, but claimed he came to buy whiskey. He had been seen driving in and out from the distillery on two occasions that night. Hagan, not knowing of the presence of the officers, came near the still in his automobile, took some cans from the boot of his car which were carried to the distillery and the evidence indicates were full of gasolene, which was the fuel in use. He was arrested coming from the still. Without detailing all the circumstances, we conclude that they authorize a verdict that both appellants are guilty, and there was no error in refusing to direct the jury to acquit.

A mistrial was moved because a government witness volunteered that he knew Hagan because he had caught him several years ago at a still. On objection the evidence was withdrawn, the prosecutor saying that he could not prove a prior conviction. Appellant Hagan argues that this defendant's character was thereby unlawfully put in issue. We do not think so, nor do we think a mistrial was necessitated.

Count Five charged the bringing of the gasolene as a delivery of raw material to an unregistered distillery, and there was a conviction of Hagan on that count also, but the court set it aside, concluding that gasolene was not raw material. It is argued that the evidence about the gasolene ought therefore to have been excluded entirely, because irrelevant to the other counts. But we think it was material evidence on the other counts as well, being fuel for the operation of the still.

The judgment is affirmed.